No. 1,919.

### STEELE *v.* HINSHAW ET AL.

TRIAL.—*Open and Close.—Issues.*—An unnecessary allegation in the complaint in an action on a note, that plaintiff purchased it for value before maturity without notice of any defense, will not give plaintiff the right to open and close where that is the only issue.

EVIDENCE.—*Sufficiency.—Appellate Procedure.*—If an essential fact has not been directly proven, but the jury is warranted in inferring it from the other facts and circumstances proven, the evidence is sufficient on appeal, especially where it has been declared so by the trial judge.

From the Randolph Circuit Court.

*J. W. Thompson* and *J. Canaday*, for appellant.

*J. S. Engle* and *W. G. Parry*, for appellees.

DAVIS, J.—This was an action brought by the appellant against the appellees, on a note dated April 16, 1891, due in six months, calling for $491, and payable in bank. The appellant, in addition to the necessary averments in a complaint on a note, alleges in substance that he purchased the note for a valuable consideration before maturity, without any notice or knowledge of any defense to the same.

In the first and second paragraphs of the answer, after alleging facts founded upon a breach of warranty sufficient to constitute a defense, it is averred in substance that the appellant had full notice of all said facts at the

Steele *v.* Hinshaw *et al.*

time he purchased the note. In his reply to the first and second paragraphs of the answer the appellant avers that he purchased the note in due course of business for a valuable consideration, and before maturity thereof, and without any notice or knowledge whatever of any defense to the note.

The first question presented is, whether the appellant was entitled to the open and close.

The complaint was clearly sufficient without any averment as to the time and manner in which the note was indorsed to the appellant. Assuming that the answers were otherwise sufficient, the averments therein on this question may be regarded as surplusage. Granting, as counsel for the appellant contend, that the burden of the issue was upon him to prove that he purchased the note before maturity, for a valuable consideration and without notice of the defense, the burden did not rest on him in the first instance, but arose out of the issue tendered by the answer and reply. He was not required either in his complaint or on the trial to anticipate the defense. This unnecessary averment in the complaint did not give him the right to the open and the close.

So far as any objection has been urged to the answers, they sufficiently allege, in our opinion, a failure of consideration growing out of a breach of warranty.

It is next urged that the evidence is insufficient to sustain the verdict. Hon. Leander J. Monks, now one of the judges of the Supreme Court, presided at the trial in the court below. Granting that the evidence in the record, as it comes to us, is not clear on the question whether the appellant purchased the note before maturity without notice of the defense, the learned trial judge held it was sufficient, and, moreover, we are satisfied

that the facts and circumstances disclosed by the evidence were sufficient to warrant the inference by the jury that he did not purchase the note before maturity without notice of the defense.

Judgment affirmed.

Filed February 14, 1896.